Viatcheslav Olegavich **MIKHAILIOUK**, Petitioner,

v.

John **ASHCROFT**, Attorney General, Respondent.

Elena Alexandrevna **MIKHAILIOUK**; Guennadi Vitalievich Thepour, Petitioners,

v.

John Ashcroft, Attorney General, Respondent.

Nos. 03–70750, 03–70753.

Agency Nos. A75–313–275, A75–313–273, A75–313–274.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 2004.

Decided Oct. 13, 2004.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**574**

Elena E. Tsiprin, Law Offices of Elena E. Tsiprin, Bellevue, WA, Elena E. Tsiprin, for Petitioner.

Regional Counsel, Laguna Niguel, CA, District Counsel, Seattle, WA, Linda S. Wendtland, Esq., Luis E. Perez, Esq., Isaac R. Campbell, Esq., Washington, DC, for Respondent.

Before PREGERSON, FERGUSON, and CALLAHAN, Circuit Judges.

Judge CALLAHAN, dissenting.

_____

* This disposition is not appropriate for publication and may not be cited to or by the courts

## MEMORANDUM *

There is no question that the treatment suffered by the petitioners rises to the level of persecution and that it was perpetrated by individuals that the government was unable or unwilling to control. *See Prasad v. INS*, 47 F.3d 336, 339 (9th Cir. 1995); *Singh v. INS*, 134 F.3d 962, 967 n. 9 (9th Cir.1998). The only question raised in these petitions is whether the treatment was on account of one of the five statutory grounds. *See* 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1).

We find that the petitioners were persecuted because of political opinion based on their status as new entrepreneurs in post-communist Russia. While the persecution suffered by the petitioners, in another context, may be apolitical, the testimony of the petitioners and their expert compels the conclusion that, in context, the maltreatment was based on political opinion. *Cf. Hasan v. Ashcroft*, 380 F.3d 1114, 1120 (9th Cir.2004) (noting that an act can be understood as a "political statement" despite the fact that the act does not "espouse a political theory"); *Jahed v. INS*, 356 F.3d 991, 998 (9th Cir.2004) (noting that the political context in which extortion takes place cannot be ignored by the BIA); *Gafoor v. INS*, 231 F.3d 645, 652 (9th Cir.2000) ("When this case is viewed in context, a reasonable fact-finder could not conclude that Gafoor's persecution was motivated solely by a personal vendetta. The evidence compels the conclusion that he was persecuted, at least in part, on account of his race and political opinion."). Moreover, the BIA's finding that the persecution was merely at the hands of business competitors is not supported by the specific pages of transcript cited by the BIA and is not supported by the record taken as a whole.

of this circuit except as provided by Ninth Circuit Rule 36–3.

A finding of past persecution on account of one of the statutory grounds creates a rebuttable presumption that the petitioners are eligible for asylum and entitled to withholding of removal. *Rios v. Ashcroft*, 287 F.3d 895, 901, 903 (9th Cir.2002). Where, as here, the government has not attempted to rebut this presumption, we need not remand the case to the BIA for further consideration. *Baballah v. Ashcroft*, 367 F.3d 1067, 1078 n. 11 (9th Cir. 2004); *cf. INS v. Ventura*, 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

On the basis of the foregoing, we find that the petitioners are eligible for asylum and entitled to withholding of removal.

PETITION GRANTED. REMANDED.

CALLAHAN, Judge, dissenting.

I agree with the majority that the question presented by this case is whether petitioners' mistreatment constituted persecution on account of one of the five statutory grounds set forth in 8 U.S.C. § 1101(a)(42)(A). The statute defines a refugee as a person who is unwilling to return to his or her homeland because of persecution or well-founded fear of persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion." The majority does not really indicate the statutory ground on which petitioners qualify for relief. Instead, relief is granted on the ambiguous basis of being persecuted "because of political opinion based on their status as new entrepreneurs in post-communist Russia." I cannot agree with my colleagues because the record clearly shows that petitioners denied stating, or being asked, their political opinions and because the record belies the existence of a cognizable social group consisting of "new entrepreneurs."

Furthermore, even assuming that petitioners demonstrated past persecution on account of one of the statutory grounds, the proper disposition is to remand these cases to the Board of Immigration Appeals. The very authority cited by the majority for not remanding the cases, *Baballah v. Aschroft*, 367 F.3d 1067, 1078 n. 11 (9th Cir.2004), states "[n]onetheless, because the ultimate decision to grant asylum is discretionary, we remand so that the Attorney General may determine whether to grant relief."